Argued May 12; affirmed May 18, 1948

## CLARK *v.* DOUGLAS COUNTY

193 P. (2d) 538

*H. A. Canaday,* District Attorney for Douglas County, of Roseburg, argued the cause and filed a brief for respondent.

*Harry G. Hoy,* of Portland, argued the cause for appellant. On the brief were Hoy & Prag, of Portland.

Before Rossman, Chief Justice, and Lusk, Belt, Kelly, Bailey and Brand, Justices.

LUSK, J.

Plaintiff, claiming to be the owner of certain described real property in Douglas County, Oregon, brought this suit against the defendant Douglas County for the purpose of having a cloud removed from his title. He alleged in his complaint that he acquired title to the property from the Douglas National Bank; that the county holds a deed to the property which was recorded on 'September 15, 1939, in the deed records of Douglas County; that the deed was based upon a pretended sale of the property in a proceeding brought by Douglas County against the Douglas National Bank and others to foreclose a delinquent tax lien thereon; but that the foreclosure proceedings, the sale and the deed are void for jurisdictional defects, in that the published summons notified the defendants in such proceeding ''to be and appear within sixty (60) days after the first publication of this Notice and Summons, and defend the action or pay the amount due'', etc., whereas the applicable statute requires that the summons notify the defendants ''to appear within 60 days after the date of the first publication of the summons, *exclusive of the date of the first publication.*'' The defect complained of consists in the omission from the published summons of the italicized words.

A demurrer interposed by the county on the grounds that the complaint does not state a cause of suit and that the suit is barred by the two-year statute of limitations, was sustained by the court, and a decree of dismissal was entered from which the plaintiff has appealed.

The parties are agreed that the tax lien foreclosure proceeding was governed by Ch. 336, Oregon Laws 1935, Section 6 of which, at p. 533, provides that where

service of summons is made by publication the summons shall notify the defendants "to appear within 60 days after the date of the first publication of the summons, exclusive of the date of said first publication, and defend the action or pay the amount due". The omission from the published summons of the phrase, "exclusive of the date of said first publication", did not affect the validity of the proceedings. It did not constitute a departure from the purpose and intent of the statute, but a mere failure to follow literally its language. The summons as published means the same thing that it would have meant had the phrase in question been inserted, and would be so commonly understood. The direction of the summons is to appear within sixty days *after* the date of its first publication, and this necessarily excludes that date. Moreover, we have a statute, § 10-206, O. C. L. A., which contains the following provision:

"    *    *    * The time for the publication of legal notices shall be computed so as to exclude the first day of publication, and to include the day on which the act or event of which notice is given is to happen, or which completes the full period required for publication."

■■ Thus, by the mandate of the foregoing statute the meaning of the published summons in law accords with the natural import of the language used. The defendants in the foreclosure proceeding were given substantially the notice required by the statute, and that is all that the law demands.

As their only authority counsel for the plaintiff cite *Elliott v. Clement,* 175 Or. 44, 149 P. (2d) 985, 151 P. (2d) 739. In that case we held a tax lien foreclosure proceeding void because of a defect in the published summons. The statute prescribing the form

of summons was identical with the statute with which we are now dealing. The summons as published required the defendants "to appear within sixty days from and after the time of service upon you, exclusive of the first day of said service, and defend this suit." We held that the summons not only failed to comply with the statute but was also indefinite and uncertain, in that it did not advise the defendants as to the time within which they must appear, and that the defect, therefore, was of such a fundamental character that the court did not acquire jurisdiction to proceed and order a sale of the lands. We think it unnecessary to labor the distinction between the two cases.

We do not reach the question of the statute of limitations, for, without regard to it, the allegations of the complaint show that title to the land is in the defendant rather than the plaintiff, and the complaint, therefore, fails to state a cause of suit.

The demurrer was correctly sustained and the decree of dismissal is affirmed.